| 132 | 107 |
| 140 | 484 |

## JOHN McMULLEN v. PENNSYLVANIA R. CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 18, 1889.
Re-argued January 13, 1890—Decided February 3, 1890.
[To be reported.]

1. Although a boy, ten years of age, cannot be held accountable for his own negligence, yet if at the time of being run over by a train, he was a clear trespasser upon the track, a recovery in an action against the railroad company for negligence resulting in his death is impossible, notwithstanding his youth.

2. When, in such action, it is undisputed that the boy was killed in the moving of a train that had been standing upon a public street for three days, that immediately before it started he was lying on his back, upon and across the track, underneath the cars, and there is no evidence that he was endeavoring to cross the track, it is not error to direct a verdict for the defendant.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 146 July Term 1888, Sup. Ct.; court below, No. 801 December Term 1884, C. P. No 1.

On December 31, 1884, John McMullen brought case against the Pennsylvania Railroad Company to recover damages for the death of his minor son, charged to the negligence of defendant company.     Issue.

The case was first tried November 14, 1887, when at the close of the plaintiff's testimony, the court entered judgment

Statement of Facts.

of compulsory nonsuit.    Afterwards, on motion of the plaintiff, the judgment of nonsuit was vacated.    At the second trial on February 13, 1888, the following facts were shown :

The defendant company has three tracks upon and along Trenton avenue, Philadelphia.    On August 9, 1884, and for two or three days prior thereto, a train of loaded coal cars was standing on one of these tracks, between Dauphin and Ohio streets, occupying nearly the whole length of the square.    The cars were coupled together, and there was no break or opening in any part of the train, and the train did not cover any crossing.    About noon on the day named, an engine pushing a number of box cars, was brought along the same track on which the coal cars were standing, and the train of box cars was joined to the coal train for the purpose of moving the latter.    When the two had been coupled together, and just as they were about to move, Gertrude Horsfall, looking out of the window of her house on Trenton avenue, saw the plaintiff's son on the track beneath the coupling between two of the coal cars, lying on his back, his head between the rails and his feet hanging over one of them.    The train starting, one car passed over the boy and cut off his foot ; then four car wheels passed over him, before the train was stopped, in consequence of an alarm given by the witness.    The injuries thus inflicted on the boy caused his death about three hours later.    When he was picked up, a tin pan, partially filled with coal, was found beside him.    Mrs. Horsfall was the only person who witnessed the accident.    Her testimony describing it, given on behalf of the plaintiff, is quoted in the opinion of the Supreme Court, infra.    No witness could give any account of the movements of the deceased immediately prior to the time when he was seen by her, just as the train was starting.    The last previous sight of him by any witness was about five minutes before the accident, when he started away from the house of his aunt, on a street parallel with and a square away from Trenton avenue, where he was temporarily residing.    At the time of the accident, he was ten years and four months old.    Mrs. Horsfall testified that she heard no bell rung or other warning given that the train was about to move, and that none of its crew were in sight.    Testimony for the defendant tended to prove that warning was given.

### Charge of Court below.

At the conclusion of the testimony the court, BRÉGY, J., charged the jury as follows:

[I will in this case reverse the usual order of addressing a jury, so that you may thoroughly understand the nature of this suit. . . . .

The father is not entitled to recover under any circumstances, unless this death was caused by the negligence of the railroad company. Unfortunate as it may have been; as much as we may regret the accident and regret the death; and as sorry as we may be for the parent, still the railroad company is not responsible unless the death was caused by their negligence.

What is negligence? It is a failure to perform a duty which the law imposes upon one, under the circumstances of the case. It is want of proper care according to the circumstances. Therefore I propose to leave the question to you, whether or not the railroad company exercised all the care that was proper under the circumstances. If they did, your verdict should be for the defendant. If you find that they did not exercise proper care, that they were negligent in the performance of their duty in the moving of these cars, then you come to another question, which is this: As these cars were upon a public street, people had a right to go over and across them upon matters of business, and they had a right to require that the railroad company should give proper notice of its movement of the train in order to notify them of the danger. If you find that this boy was there in the proper exercise of his right, and that the railroad company did not fulfil its duty according to the circumstances, then you should render a verdict for the plaintiff in such amount as I have indicated to you would be proper.

There is another view of the case, however, and that is, that the boy was there stealing coal under this car. Whether that is the real truth of the occurrence; whether that is what he was there for, of course we do not know. You are to judge of that by the evidence, by the people who testified, by the surroundings, and by what you know of life yourselves. Of course, if he was stealing coal under the train, and the railroad company intentionally ran over him, then the company would be responsible for damages; but I suppose it is hardly contended that they did this on purpose.

The law does not require a railroad company to go around

Charge of Court below.

and look under each car before they move it, to see whether there is a child under their train, under ordinary circumstances. I can perceive, perhaps, that it might be their duty to look under the car, if, before they moved a train, they saw a lot of children under it, and some ran out; to go and look and see, perhaps, if there were any more there; but in the case of a train standing, with no person about it, I charge you that the law does not require a railroad company to look under each car to see whether there is a child under it stealing coal.

If you believe that the railroad company did their duty to law-abiding citizens and persons exercising their legal rights, and that the accident happened notwithstanding that, then your verdict ought to be for the defendants.] [3]

I am asked by the plaintiff to charge you as follows:

1. Where a railroad track is laid upon a public street in Philadelphia, a child who crosses said track from a point between two public streets, which also cross said track, is not a trespasser.

Answer: Affirmed.[1]

2. Where a railroad track is laid upon a public street in Philadelphia, a child, who, in order to cross said track from a point between two public streets which cross said track, creeps under the freight cars of a standing train, is not a trespasser.

Answer: Affirmed.[1]

3. Whether plaintiff's son was guilty of contributory negligence is a question entirely for the jury, under the evidence in the case.

Answer: Affirmed.[1]

4. It was the duty of defendants to give some sufficient warning of their intention to move the train of cars which passed over plaintiff's son, and if they failed to do so, they are guilty of negligence.

Answer: Affirmed.[1]

5. If the jury believe from the evidence that the train of cars which passed over plaintiff's son had been allowed to stand upon the track on said Trenton avenue for several hours, it was the duty of defendants to give sufficient warning of their intention to move said train, and if they failed to do so they are guilty of negligence.

Answer: Affirmed.[1]

Charge of Court below.

6. If the said train of cars had been allowed to stand upon said track for several hours, merely ringing a bell or blowing a whistle is not necessarily a sufficient warning of an intention to move said train.

Answer: I decline to say that, and leave it for you to decide whether it was or was not sufficient warning.[1]

7. It is for the jury, under all the evidence, to say whether defendants gave sufficient warning of their intention to move said train.

Answer: Affirmed.[1]

The defendant has asked me to charge you as follows:

5. The railroad company has a right to assume "that a child old enough to be trusted to run at large, has wit enough to avoid ordinary danger; and so, persons who may have business on the streets may reasonably conclude that such an one will not voluntarily thrust itself under the feet of his horse or under the wheels of his carriage," or under the wheels of the cars of a steam road, and still more strongly may they conclude that they are not to provide against possible damages that may result to the infant from its own wilful trespass.

Answer: Affirmed.

[The other points of the defendant are refused, to wit, the first, second, third, fourth, sixth, seventh, eighth, and ninth, which are as follows:

1. The only duty of defendant was to people using the highway in the usual and ordinary way. It ought not to presume that persons would attempt to go over or under cars standing at a point where there was no crossing, and where it had not invited a crossing, either by leaving a space or otherwise.

2. At crossings upon a railroad, before starting the cars the duty is to look ahead that no one may be injured by the movement of the cars; and at an opening between cars for passing, the duty is the same. The defendant can assume that no one will attempt to climb over or crawl under the cars.

3. The railroad company can be charged with negligence only upon the proof of some act of omission or commission, and on this question of the neglect of duty by the railroad company, the minority of the person alleged to be damaged is immaterial. As the only fact proven is that the child was under the car when first seen, lying upon its back, you can-

Charge of Court below.

not presume that it was passing through with a knowledge of the company, or that it was using the highway to pass over. On the evidence, the plaintiff fails in proving negligence, and the verdict must be for the railroad company defendant.

4. The only evidence as to the position of the child is, that it was *under* the car lying down at a point between streets. You have no right with such facts undisputed to presume that it was crossing, and your verdict should be for the railroad company defendant.

6. "A railroad company has the exclusive right of its track, and it owes no duty to the father of a child of tender years trespassing thereon, nor to the child itself." "Parents who permit their children to trespass upon a railroad track are guilty of contributory negligence, and the fact that the trespass was without the knowledge of the parents is not material:" Cauley v. Railway Co., 95 Pa. 398; s. c. 98 Pa. 498. "To suffer a child to wander on the street has the sense of permit. If such permission of sufferance exist, it is negligence:" Phila. etc. R. Co. v. Long, 75 Pa. 257.

7. The duty of paternal protection is imperative; the child being on the track without a protector, is presumptive of entire neglect of that duty: Penna. Co. v. James, 81* Pa. 194.

8. The railroad company have a right to presume and act on the presumption that persons "will not trespass upon the right of a clear track; that even children of tender years will not be there; for, though they are personally irresponsible they cannot be upon the railroad without a culpable violation of duty by their parents or guardians:" Moore v. Railroad Co., 99 Pa. 301.

9. Under all the evidence in this case your verdict must be for the railroad company defendant.] [2]

The verdict of the jury was in favor of the plaintiff for $1,500. A rule for a new trial having been discharged, judgment was entered on the verdict, whereupon the defendant took this appeal, assigning for error :

1. The answers to plaintiff's points.[1]
2 The refusal of defendant's points.[2]
3. The part of the charge embraced in [  ] [3]

The case was argued on January 18, 1889, before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ. On April 8, 1889, a re-argument was ordered before a full bench, and re-argument had on January 13, 1890.

*Mr. Gavin W. Hart* (with him *Mr. David W. Sellers*), for the appellant:

1. The duty which rests upon a railroad company to give warning of the movement of a train, it owes to those who are where they have the lawful right to be. The trainmen ought to expect that at an appropriate place some one may be crossing or about to cross the track, and hence the duty arises to give notice at such places of the start or the coming of the train. But when it is averred that a duty, arising in consequence of the perilous position of a trespasser, has been neglected, it must be proven that the servant in charge of the train knew of the peril: Penna. R. Co. v. Morgan, 82 Pa. 134; Phila. etc. R. Co. v. Heil, 5 W. N. 91; Moore v. Railroad Co., 108 Pa. 349. There may be no doubt that a citizen has the right to cross a track on a street, elsewhere than at a regular crossing, but the company is not bound to use unusual precaution at places where persons do not usually cross, even as to infants, and the fact that they do not do this is in such cases as the present no evidence of negligence: Ogden v. Railroad Co., 23 W. N. 191; 1 Mona. 249. There is no evidence however that the boy was in this case crossing the track by crawling; on the contrary, the testimony shows that he was lying still upon his back.

2. The much misunderstood doctrine as to the presumption that the deceased did his duty to protect his own life, does not apply here. That presumption arises only when the actual killing has not been observed by witnesses. In the circumstances of this case, the testimony of the only witness who saw the occurrence being that the child was run over while lying on his back, at a place where no one could expect a person to be, and where no duty was imposed upon the defendant to have a guard or watchman, there is not sufficient evidence to authorize an inference of negligence, and it was therefore not only the right but the duty of the court to withdraw the case from the jury: Howard Exp. Co. v. Wile, 64 Pa. 206; Penna. R. Co. v. Shay,

Arguments.

82 Pa. 198; Phila. etc. R. Co. v. Heil, 5 W. N. 91; Penna. R. Co. v. Barnett, 59 Pa. 259; King v. Thompson, 87 Pa. 369; Hoag v. Railroad Co. 85 Pa. 293; Hestonville etc. Pass. R. Co. v. Kelley, 102 Pa. 115; Reading etc. R. Co. v. Ritchie, 102 Pa. 425. The entry of a nonsuit has been sustained, where the injuries were to children, in the following cases: Baltimore etc. R. Co. v. Schwindling, 101 Pa. 258; Hestonville etc. Pass. R. Co. v. Kelley, supra; Woodbridge v. Railroad Co., 105 Pa. 460; and in Bridge Co. v. Jackson, 114 Pa. 321, there was a reversal for a refusal to give binding instructions against the plaintiff in such a case.

3. Although infants cannot be charged with contributory negligence, they are chargeable as trespassers, and in this particular the same rule of law applies to them as to adults. The train being a continuous one, without any openings for passage ways, there was no invitation to pedestrians to pass through, either direct or indirect. But even if the boy had a right of passage through the cars at this point, it did not include a right to lie down upon his back under the cars. He was clearly a trespasser, and as such the company owed him no duty of protection: Flower v. Railroad Co., 69 Pa. 210; Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520; Duff v. Railroad Co., 91 Pa. 458; Cauley v. Railway Co., 95 Pa. 398; s. c. 98 Pa. 498; Moore v. Railroad Co., 99 Pa. 301; Baltimore etc. R. Co. v. Schwindling, 101 Pa. 258. Although Rauch v. Lloyd, 31 Pa. 358, and Philadelphia etc. R. Co. v. Layer, 112 Pa. 414, bear a resemblance to the case in hand, an examination of them will show that in each instance the accident happened at a public crossing, and the decision was upon that fact. The general charge, in connection with the answers to points, was misleading and contradictory; matters not within their province were left to the jury, and conclusions of law were stated, entirely inapplicable to the facts: Reeves v. Railroad Co., 30 Pa. 454; Lackawanna etc. R. Co. v. Chenewith, 52 Pa. 382.

*Mr. William H. Burnett,* for the appellee:

1. The defendant company was bound to give notice of its intention to move the train which had been standing upon the public street for several days: Philadelphia etc. R. Co. v. Layer, 112 Pa. 414. In Ogden v. Railroad Co., 23 W. N. 191;

Arguments.

1 Mona. 249, the train had not been standing, but was in continuous motion. The boy was not a trespasser, but was in the exercise of a right. He had rights upon the track, as well as the railroad company, and the jury could infer from the evidence, and their general knowledge, that he was under the train for a lawful purpose. The evidence points to an intention on his part to cross under the train. The fact of his being upon his back when the train was in motion and struck him, is of no importance; that position may have been assumed in his efforts to get from under the cars when he heard them move, or may have resulted from his being struck by some portion of the car. It was not until the train was moving, that he was upon his back. Nor does the fact that a pan with some coal in it was found near the spot, after he was picked up, justify a different inference; there is no testimony that he had anything to do with the pan. Moreover, as no one saw what he was doing before the train started, the plaintiff is entitled to the presumption that the boy was acting lawfully.

2. A person has a right to cross a railroad track upon a street at any point: Moore v. Railroad Co., 99 Pa. 301. No trespass is committed by crossing under a standing train, although to do so is contributory negligence in an adult. Most of the argument for the appellant is built upon a confusion of these two things. A child of ten years may be guilty of contributory negligence, but the question is one of fact for the jury: Rauch v. Lloyd, 31 Pa. 358; Penna. R. Co. v. Kelly, 31 Pa. 372; Nagle v. Railroad Co., 88 Pa. 35; Taylor v. Canal Co., 113 Pa. 162; Phila. etc. R. Co. v. Layer, 112 Pa. 414. That it is not a trespass for an infant to cross a track under a standing train, was decided in Rauch v. Lloyd, supra, and Penna. R. Co. v. Kelly, supra. If there is any question of trespass in the case, it is one of fact, and the trespass must be proved. But, even if the boy was a trespasser, the railroad company, having left its train standing where children were apt to be, for such a length of time that they were likely to become accustomed to its stationary condition and creep under it, owed him a duty in the circumstances, and had no right to start it suddenly and without warning by a force at work one and a half squares away: Hydraulic Works Co. v. Orr, 83 Pa. 332; Schilling v. Abernethy, 112 Pa. 437; Kay v. Railroad Co., 65 Pa. 269; Biddle v. Railway Co. 112 Pa. 551.

3. In all the cases cited for the appellant upon the question of negligence, the trespasser was either upon the cars of the railroad company unlawfully, or else was walking along the track and was injured by a passing train. It may be said, generally, that all of the cases cited upon the subject of children as trespassers have been restricted, and perhaps to some extent overruled, by Biddle v. Railway Co., 112 Pa. 551. The railroad company, however was itself a trespasser in this case. It had the right to the use of the public street for the purpose of moving trains along its tracks, but had no right to make it a place for the storage of cars, or to leave trains standing there for days at a time. Its leaving this train on the street for three days was unlawful. If both parties are trespassers, neither can take advantage of this against the other, and the question of trespass drops out of the case, leaving only the question who was negligent. This was for the jury and was properly submitted. The question of the parent's negligence, as well as that of the child's was one of fact: Penna. Co. v. James, 81* Pa. 194; Phila. etc. R. Co. v. Long, 75 Pa. 257; Pittsburgh etc. Ry. Co. v. Pearson, 72 Pa. 169; Glassey v. Railway Co., 57 Pa. 172; Woodbridge v. Railroad Co., 105 Pa. 460.

OPINION, MR. JUSTICE GREEN:

On the trial of this case, the plaintiff examined but one witness to prove the fact and the circumstances of the accident. This is the account she gave of the occurrence:

" Q. Please state just what you saw of this accident. A. When I saw the child he was lying on the flat of his back; his head towards the station house, and his feet towards me, Q. How was his body; on the track? A. Right in the middle of the track his body was; and his head. Q. Between the tracks, between the rails, do you mean? A. Yes, sir. Q. Crosswise? A. Yes, sir; his feet towards me, and his legs hanging over. Q. How near was it to your house? A. Right opposite the east window towards Dauphin street. Q. Which window was you looking out of? A. The last one towards Dauphin street. Q. What room of that house? A. There was only one room of that house. Q. What happened after that? A. I saw him before the cars moved at all. They were just slightly moving; just commencing in motion; and he of course didn't make no

Opinion of the Court.

effort to get up. I said to my stepmother, 'There's a child on the track, and he'll be run over,' and she started out on Blair street and commenced to halloo, and I went out front. Q. That is out on Trenton avenue? A. Yes, sir. The first car went over him, and cut his foot right off. Then four car-wheels went over him before there was any assistance came."

The witness had previously testified that there was a train of small coal-cars standing on the track, reaching nearly a square, the majority of which were full, and it was under these cars that the boy was lying on his back immediately before and at the time he was run over and killed. She also said the whole train was coupled together; that there was no opening between the cars, and the place of the accident was between two streets. There was no contradiction of these facts; on the contrary, they were confirmed by the defendant's witnesses as to everything they saw, but none of them saw the actual collision. Several of the trainmen, who were examined, came to the spot immediately after the accident, and one of them lifted the boy out from underneath the car. Two of them testified to seeing a pan about half full of coal by the side of the boy, and one of them removed it.

The undisputed facts, therefore, are, that the boy, just before the accident, was lying on his back on a railroad track, crosswise the track, with his feet reaching over one of the rails, and his head between the rails. The train was just starting, and was moving slowly, so that it was stopped when four wheels had passed over the boy. He was lying underneath the cars, and there is no evidence that he was endeavoring to cross the track. As a matter of course he was not, and could not be, in such circumstances, in the exercise of any legal right. Railroad tracks are not made for persons young or old to lie down upon, in any circumstances; much less so when cars are standing on the track. They are not intended for any such use, and any person who makes such use of a track is undoubtedly a trespasser.

The question is not an open one. Had this boy been an adult, as a matter of course he could not have recovered, both because of his own negligence and of his being a trespasser. The boy was ten years old, and therefore cannot be held accountable for his own negligence. But, as a clear trespasser,

recovery is equally impossible, notwithstanding his youth, and this we have many times decided. In every one of the following cases we held there could be no recovery although the persons injured were children, upon the express ground that they were trespassers: Phila. etc. R. Co. v. Hummell, 44 Pa. 375; Flower v. Railroad Co., 69 Pa. 210; Duff v. Railroad Co. 91 Pa. 458; Cauley v. Railway Co., 95 Pa. 398, s. c. 98 Pa. 498; Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520; Moore v. Railroad Co., 99 Pa. 301; B. & O. R. Co. v. Schwindling, 101 Pa. 258. In several of them, the child was considerably younger than in this case. In not one of them was the trespass of the child so gross, so palpable, so conspicuous, as in this. The doctrine has been so elaborately discussed and so fully expounded and illustrated in several of the opinions of this Court, in the cases referred to, that it is entirely unnecessary to repeat the discussion here.

We are clearly of opinion that the defendant's ninth point should have been affirmed, and a verdict for the defendant directed.

Judgment reversed.

Mr. Justice STERRETT and Mr. Justice CLARK dissented.