CASE 75—ACTION BY WILLIAM G. LOGSDON'S ADMINISTRATOR AGAINST THE L. & N. R. R. CO. FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—JUNE 20.

# Louisville & Nashville R. R. Co. v. Logsdon's Admr.

APPEAL FROM HARDIN CIRCUIT COURT—WEED S. CHELF, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

RAILROADS—RIGHT OF WAY—TRESPASSERS—INJURIES—LIABILITY—INFANTS—EVIDENCE.

1. The rule that railroad men are not bound to keep a lookout for trespassers on the track at points where the presence of persons on the track is not to be anticipated, but are only bound to use all reasonable care to prevent injury to them after their peril is discovered, applies to the case of children on the track.

2. In an action against railroad company for the death of a child on its right of way, evidence examined, and held to show no negligence on the part of the railway company.

S. M. PAYTON, ATTORNEY FOR APPELLEE.
   (No brief in record for appellee.)

B. D. WARFIELD & E. W. HINES FOR APPELLANTS. POSTON & MOORMAN, OF COUNSEL.

## POINTS AND CITATIONS.

1. As the child came on the track just in front of the approaching train, and there is nothing to show where he was or what his position was before he came on the track, there was no evidence upon which to submit to the jury the question whether his peril could have been discovered in time to avert the injury, the evidence being as consistent with the theory that there was no negligence as it is with the theory that there was negligence. Goodman's Admr. v. L. & N. R. R. Co., 25 R., 1086; Louisville Gas Co. v. Kaufman, Straus & Co., 105 Ky., 156; L. & N. R. R. Co. v. Wathen, 22 R., 82; Hurt v. L. & N. R. R. Co., 25 R., 755; Ward v. Southern Pac. Co., 23 L. R. A., 715.

Louisville & Nashville R. R. Co. v. Logsdon's Adm'r.

2. Even if there was a duty to keep a look-out on the track, there was no duty to keep a look-out on each side of the track. C., N. O. & T. P. Ry. Co. v. Bagby, 16 Rep., 533; Gordon v. Louisville, &c., Ry. Co., 16 Rep., 713; L. & N. R. R. Co. v. Smith, 21 Rep., 857; L. & N. R. R. Co. v. Penrod's Admr., 22 Rep., 73.

3. The rule that the servants in charge of a train owe no duty of look-out as to trespassers on the track at places where there is no reason to anticipate their presence applies as well to infants as to adults. L. & N. R. R. Co. v. Hunt, 11 Rep., 825; Givens' Admr. v. Ky. Cent. R. Co., 12 Rep., 950; McDermott v. Ky. Cent. R. Co., 93 Ky., 408; Vertrees' Admr. v. Newport News, &c., Co., 95 Ky., 314; L. & N. R. R. Co. v. Popp, 96 Ky., 99; L. & N. R. R. Co. v. Webb, 99 Ky., 332; Jackson's Admr. v. L. & N. R. R. Co., 20 Rep., 309; Goodman's Admr. v. L. & N. R. R. Co., 25 Rep., 1086; L. & N. R. R. Co. v. Cooper, 7 Rep., 102; 2 Shearman & Redfield on Negligence, sec. 481a; Felton v. Aubrey, 74 Fed., 350; Pennsylvania R. R. Co. v. McMullen, 132 Pa. St., 107; Burg v. Chicago, &c., Ry. Co. (Iowa), 57 N. W., 680; Thomas v. Chicago, &c., Ry. Co. (Iowa), 61 N. W., 967; Matson v. Port Townsend Southern R. Co. (Wash.), 37 Pac., 705; Barney v. Hannibal, &c., R. Co. (Mo.), 28 S. W., 1069; Missouri Pac. Ry. Co. v. Prewitt (Kansas), 5 Am. Neg. Rep., 29; Railway Co. v. Todd, 54 Kan., 558; Chrystal v. Railroad Co. (N. Y. App.), 11 N. E., 380; Alabama Gt. Southern R. Co. v. Moorer (Ala.), 3 Am. Neg. Rep., 317; Woodruff v. Northern Pac. R. Co., 47 Fed., 689; Ward v. Southern Pac. Co. (Oregon), 23 L. R. A., 715; Thompson on Negligence, vol. 2, sec. 1089, criticized, and cases cited in support of text distinguished.

4. Rules and regulations adopted for the protection of trains and passengers do not apply to trespassers on the track. L. & N. R. R. Co. v. Howard's Admr., 82 Ky., 212; Burg v. Chicago, &c., Ry. Co. (Iowa), 57 N. W., 680.

5. From the fact that the servants in charge of a train owe the duty of look-out as to animals on the track, it does not follow that they owe that duty as to children on the track, as the rule as to animals and human beings has never been the same. Ky. Stat., sec. 809; Louisville & Frankfort R. Co. v. Milton, 14 B. Mon., 61.

6. Even if a look-out as to children is required, that look-out need not be anything more than a reasonable one, and, therefore, where the fireman is engaged in putting coal in the furnace, a look-out by the engineer alone is sufficient, the conductor and brakeman having other duties to perform, and not being in a position to keep a look-out along the track. L. & N. R. R. Co. v. Creighton, &c., 20 Rep., 1691.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellees' intestate, an infant under three years of age, was struck and killed by one of appellant's freight trains, and this action was instituted by the administrator to recover for his death, resulting in a verdict and judgment in his favor for $1,200. The only question we deem it necessary to consider on the appeal is whether the evidence warranted a recovery. The facts shown are as follows: The infant was the child of a section hand of appellant, whose house stood beside the railroad track, and within 30 feet of it. Just before the child was killed, the father went across the railroad, and up it about 250 yards to a spring, for a bucket of water. When he left the house the child was in the rear of the house, playing with some bricks; its mother being in the yard behind the house at work. While the father was gone, the child wandered out of the house and upon the railroad track, where he was run over and killed by a passing freight train about 160 yards from the house. A hoop, which was his favorite plaything, was found near his body, with blood on it. The house was out in the country, and the child was not on or near a public crossing. The proof for the appellee showed that no warning from either bell or whistle was given by the trainmen until the stop signal was sounded, and this was about the time the child was struck. The place of the accident could be seen from the direction of the approaching train for a distance of 450 yards, and it may be concluded from the evidence that those in charge of the train could, by the exercise of ordinary care, have seen the child if he was on the track, or very near it, in time to stop the train before striking him. No witness for appellee saw the child after he left the house, and before he was killed. But it is insisted that it may be inferred from the evidence

that the child was following his father up the railroad track, rolling his hoop, when he was struck. The court refused to give the jury a peremptory instruction to find for the defendant on the plaintiff's evidence, and the defendant's testimony was then introduced. The engineer stated that, as the train approached the point where the child was killed, it was on a curve; his position being on the outer line of the curve, so that the locomotive obstructed his view, and he did not see the child at all. The fireman, who was on the other side of the engine, said he was firing the locomotive as the curve was rounded, and, when he finished that and looked ahead, he saw the boy 60 or 70 feet ahead of the engine, and at once gave the alarm to the engineer, who immediately reversed the engine, and stopped the train as soon as it could be done, but too late to save the child. The conductor was in the caboose at the rear of the train, but could not see from his position the track in front of the locomotive, and none of the brakemen were on the lookout.

It is conceded that under the repeated adjudications of this court there could be no recovery for the death of an adult under the proof. But it is insisted that a different rule applies to a child of such tender years. The evidence is not sufficient to show that the trainmen in fact saw the child in time to have saved him. The only ground for recovery is that, if they had been on the lookout and had exercised proper care, they might have seen him in time to stop the train before striking him. In towns or cities, or where for any reason the presence of persons on the track should be anticipated, it is the duty of railroad men to keep a lookout in front of moving trains; but at other parts of the road they are under no obligation to keep a lookout for trespassers on the track, but only to use all reasonable care to prevent injury to them after their peril is dis-

covered. The reason for the rule is not that the person injured is guilty of contributory negligence in placing himself on the track or in a place of danger. The rule rests on the ground that the railroad company owes him no duty until his peril is discovered. If the child and his father, in the case before us, had been together on the track, and both had been killed, there could have been no recovery for the death of the father; and it is hard to see why a different rule should apply to the child, if the company was not under obligation to anticipate the presence of either on the track, or to maintain a lookout for persons at that point. While there is some conflict in the cases on the question, the decisions of this court are uniform in holding that the case of a child stands just as that of a grown person in cases of this character.

In Givens' Administrator v. Kentucky Central Railroad Company, 15 S. W., 1057, 12 Ky. Law Rep., 950, a child nine years old was killed by a train, when no signal of its movement was given. The court in discussing the duties of the trainmen, said: "They are not required to presume that any one will trespass upon the exclusive right of way of the company, and they are therefore not bound to be on the lookout for trespassers, but only to avoid injury to them, if possible, when their presence and liability to danger become known. This rule applies in the case of a child just as it does in that of a grown person. If those operating a train were required to look out and guard against danger to children trespassing upon the track, then this would necessarily afford an opportunity to see all other persons who might be upon it and in danger. Undoubtedly a greater degree of care is required of them, as to children not old enough to be aware of the danger, than as to grown persons, when they have been once discovered upon or near the track;

but, until their presence is known, the rule applies equally to both. An exception to the rule exists, however, where a train is passing through a town or city, aond where people are likely to cross the track at any point, and are known to be in the habit of doing so by those operating the train. In such a case there is constant danger to life, and, out of regard for it, those in charge of a train must look out for persons who may be upon the track, and give such notice of its approach and movements, and so regulate its speed, as is likely to warn them of danger and enable them to get out of the way." In McDermott v. Kentucky Central Railroad Company, 93 Ky., 408, 14 R., 437, 20 S. W., 380, a boy eight years old was hurt in the same way, and, in answer to the argument that no lookout was maintained, the court said: "And the fact that such trespasser is an infant does not affect the legal rights of the company, because signals of an approaching engine must be given and oversight of the tracks exercised uniformly and habitually, or not at all, and for the protection and safety of all trespassers, or none."

In Louisville & N. R. R. v. Webb, 99 Ky., 348, 18 R., 258, 35 S. W., 1121, the question was again made, and the court said: "The well settled rule in such cases is that a child is required to exercise only such a degree of discretion and care as may be reasonably expected of children of his age and intelligence in any given circumstances of danger, but the mere immature age of the person injured can not be allowed to have the effect to raise a duty where none otherwise existed." This question was again presented, after a change in the membership of the court, in Becker v. Louisville & N. R. R. Co., 110 Ky., 474, 22 R., 1898, 61 S. W., 997, 53 L. R. A., 267, and the case was allowed to go to the jury only on the question whether the engineer in fact saw

the child in time to avoid injuring him after his peril was discovered. It was also since presented in Goodman's Adm'r v. Louisville & N. R. R. Co., 116 Ky., 900, 77 S. W., 174, 25 Ky. Law Rep., 1086, 63 L. R. A., 657, and the same rule was adhered to. The court said: "Trains must be run on schedule time, and no duty is imposed upon those in charge to stop or slow up at the appearance upon the track of objects, the nature of which is only discernible upon near approach. If the object seen by Robert Wilkerson had been at a highway crossing, or in the street of a town or city, where the presence of small children might be suspected, a different case would be presented, and a different standard of diligence could have been required. Appellees' engineer had no more reason to suppose an infant would be upon their track at the point where the accident in this case occurred, than an adult, and owed no higher degree of diligence to them than to an adult." In Louisville & Frankfort Railroad Company v. Milton (decided in the year 1853) 53 Ky., 75, 58 Am. Dec., 647, it was held that there was no liability on the part of a railroad company for stock killed by its trains, unless the animal destroyed was observed in sufficient time to enable those in charge of the train to avoid the injury by ordinary care. This was followed in Louisville & Frankfort Railway Company v. Ballard (decided in the summer of 1859) 59 Ky., 177, and in O'Bannon v. Louisville, etc., R. R. Co. (decided in 1871) 71 Ky., 349. It remained the law of the State until changed by the statute declaring railroad companies responsible for all cattle negligently injured by them, and making the injury of the stock *prima facie* evidence of negligence. As to cattle straying on the track, railroad companies are liable, under the statute, if ordinary care is not observed to discover them. But there has been no change

by statute as to persons trespassing on the track, and the liability of railroads for injuries to persons, whether adult or infant, must depend on common law principles, for the statute simply makes them liable for injuries to cattle, and to construe such language to create a liability for injuries to small children would be unwarranted. True, a child under seven is conclusively presumed incapable of crime, but a like *prima facie* presumption attends him from seven to fourteen; and, if appellant is responsible when the child is under seven, then it would be a question for the jury, if he was between seven and fourteen, whether he had sufficient capacity to be responsible. Neither an infant under three years old nor an idiot can be held liable for a trespass or charged with contributory negligence. If either of them strays on the premises of another, no blame attaches to him; but if, while there, and at a place where the presence of strangers is not to be anticipated, he gets hurt, the owner of the premises is not responsible for his injury, when he does not know of his danger in time to avoid it by the exercise of ordinary care after his peril is discovered. He is not chargeable with negligence in not maintaining an outlook, for this is not required if the presence of others is not to be anticipated. If the defendant here were a farmer or a manufacturer, and a three year old child had strayed upon the premises at a point where the presence of others was not to be looked for, and had been run over because he was discovered too late, would it not be conceded that this was simply an unfortunate accident, or would it be maintained that a recovery should be had because a lookout was not kept? A railroad company has the exclusive possession of its right of way, and stands just as the owner of any other premises, so far as strangers coming upon it are concerned. At ordinary places

along the track the presence of persons on the right of way is not to be anticipated, and therefore no lookout for them need be maintained. Every action of negligence rests on a breach of duty. If there has been no duty broken, there is no wrong, and there can be no recovery. An infant three years old or an idiot can no more recover than an adult, unless there has been a breach of duty on the part of the defendant; and he can no more complain than an adult that a lookout was not kept at a place where the presence of persons was not to be anticipated. If infants were made an exception to the rule, and railroad companies were required to keep a lookout for them at all places along their track, on account of their helplessness, the same principle would have to be applied to idiots, lunatics, epileptics, the deaf, the blind, and the like. This would destroy the rule and make it inconsistent with itself, for, if the presence of no persons is to be looked for on the track, the presence of persons infirm or unable to take care of themselves is not to be anticipated, and the defendant can not be required to guard against a danger which is not to be anticipated by a person of ordinary prudence. The rule announced by this court, that the company is not responsible for the injury of an infant from failure to maintain a lookout where no lookout is required, as the presence of persons is not to be anticipated, is a necessary corollary of the rule laid down more than fifty years ago, and consistently maintained since, until changed by the statute, that the company is not liable for injury to stock because no lookout is kept. The rule so long maintained is, under the principle of *stare decisis*, the law of the State. It is also in accord with the weight of American authority. Morrissey v. Eastern Railroad Company, 30 Am. Rep., 686; Cauley v. Pittsburg, etc., Railroad Company, 40 Am. Rep., 664; McMullen v. Pennsylvania Railroad Com-

pany, 132 Pa., 107, 19 Atl., 27, 19 Am. St. Rep., 591; Thomas
v. Chicago, etc., Railroad Company (Iowa), 61 N. W., 967;
Matson v. Port Townsend Railroad Company (Wash.), 37
Pac., 705; Railway Company v. Todd, 54 Kan., 558, 38 Pac.,
804; Alabama Great Southern Railroad Company v. Moorer
(Ala.), 22 South., 900; Ward  v. Southern Pacific Railroad
Company (Or.), 36 Pac., 166, 23 L. R. A., 715; Felton v. Au-
brey, 74 Fed., 350, 20 C. C. A., 436; 2 Shearman & Redfield
on Negligence, sec. 481a, and notes.

On the facts shown by the plaintiff, the court should have
instructed the jury peremptorily to find for the defendant.

The former opinion (78 S. W., 409, 25 Ky. Law Rep.,
1656) is withdrawn.

Judgment reversed and cause remanded for further pro-
ceedings consistent herewith.

Judges Nunn and Settle dissent.