## Wood's Administrator v. Illinois Central Railroad Company, et al.

(Decided March 8, 1927.)

### Appeal from Livingston Circuit Court.

1. Railroads—Verdict Denying Recovery for Death of Child Trespassing on Railway, Where Presence was Not to be Anticipated, Held Not Against Evidence.—Where a child was killed by a train when trespassing on the railway, at a place where the presence of persons was not to be anticipated and a lookout was not required, verdict for railway, in action by her administrator, held not against evidence.

2. Railroads—Instruction as to Care Necessary to Avoid Injuring Child Trespassing on Railroad Held Proper.—In suit by administrator of child killed by train, instruction as to use of ordinary care by those operating train, to avoid striking child trespassing on railway, held proper.

FERGUSON & WELLS for appellant.

W. A. BERRY and TRABUE, DOOLAN, HELM & HELM for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Mary Virginia Wood, a little girl twenty-one months old, was struck and killed by a passing freight train of the Illinois Central Railroad Company. This action was brought to recover for her death by her father, Walter A. Wood, as her administrator. The jury returned a verdict for the defendant. The plaintiff's petition having been dismissed he appeals.

The facts are these: Walter A. Wood and his family lived in the country. The house fronted on the county road. The yard gate opened on the county road and there was also a gate in the fence between the county road and the railroad. It was about twenty-five yards from the house to the yard gate, and from the yard gate to the right of way gate was about sixty yards. Miss Ada Sanders visited Mrs. Wood's family that day. When she left, the little girl was playing in the dirt about half way between the yard gate and the right of way gate. Soon after Miss Sanders left Mrs. Wood went to feed the chickens and not seeing the little girl commenced looking about for her. She finally discovered her on the railroad or near it; she heard the train coming and began running to the child, waiving and screaming to the trainmen to stop. The child was standing on the end of a crosstie; the engine, in passing, struck and killed her before the mother reached her. Mrs. Wood testified that when the train was more than 500 yards away she saw the fireman of the train on the steps of the engine looking forward: that then he disappeared for a moment and reappeared and got down on the steps as if in an effort to catch the child as he passed her and that no effort was made to stop the train or check its speed until after the child was struck. The plaintiff also proved that the train stopped after hitting the child and that the fireman then said that he hollered and told the engineer that he was going to kill the child and that the engineer "paid me no mind," and that he then turned and came back to the side of the engine thinking he could push the child away. On the other hand the fireman denied saying this. He and the engineer, the conductor and the brakeman all testified that as soon as the child was discovered the emergency brakes were applied and everything was done that could be done to avoid striking her. The train was a heavy freight of sixty-two cars, running about 25 miles an hour. The place was out in the country and away from any station or crossing. The fact that there was an electric block signal sixteen rails' lengths beyond the child did not charge the railroad men with duty to be on lookout for the child, although they should have been on the lookout for the block signal.

It is earnestly insisted that the verdict of the jury is against the evidence, but plainly it is not palpably against the evidence and cannot be disturbed on this ground. The child was a trespasser on the railroad

track at a place where the presence of persons was not to be anticipated and a lookout was not required.

> "And the fact that such trespasser is an infant does not affect the legal rights of the company, because signals of an approaching engine must be given and oversight of the track exercised uniformly and habitually, or not at all, and for the protection and safety of all trespassers, or none." McDermott v. Kentucky Central Railroad Co., 93 Ky. 408.

> "If those operating a train were required to look out and guard against danger to children trespassing upon the track, then this would necessarily afford an opportunity to see all other persons who might be upon it and in danger. Undoubtedly a greater degree of care is required of them, as to children not old enough to be aware of the danger, than as to grown persons, when they have been once discovered upon or near the track; but, until their presence is known, the rule applies equally to both." L. & N. R. R. Co. v. Logsdon, 118 Ky. 600.

The court gave the jury this instruction:

> "If you believe from the evidence in this case that, after those in charge of defendant's engine became aware of the fact that decedent was on or so near the track on which said train was running as to render her position dangerous or perilous, they failed to use ordinary care to avoid striking her, and that as a result thereof she was struck and killed, you should find for the plaintiff. On the other hand, unless you do believe from the evidence that those in charge of defendant's engine, after becoming aware of decedent's presence on or so near said tract as to render her position dangerous or perilous, did fail to use ordinary care to avoid striking her, you should find for the defendant; and, in determining the question as to whether those in charge of said engine did or did not use ordinary care, you should consider the time in which he had to act, and all the circumstances of the situation."

The instruction was proper and has been often approved. O'Bannon v. Southern R. Co., 110 S. W. 330, and cases cited.

Judgment affirmed.