## Joseph Feehan, by his father and next friend, P. H. Feehan, *v.* John and James Dobson, Appellants.

*Negligence—Infant as trespasser—Parent's duty.*

A child of tender years may be a trespasser and be subject to the consequence of his trespass.

If a parent permits a child of tender years to wander off to places of known danger and by reason thereof an accident occurs, he has no just claim to make others bear the consequences of his own neglect.

Defendants deposited refuse ashes and cinders on an outlot surrounded by a wall entered by one gateway opposite their mill. Children, including those of plaintiff, had been accustomed to visit the lot to gather coal, but whenever noticed they had been driven off as trespassers. A six years old child visiting the yard for purpose of taking coal stepped upon a hot ash heap and was injured. The child had been there before with knowledge of the parent who used the coal procured from such visits. *Held,* That plaintiff was not entitled to a verdict on such evidence. Hydraulic Works v. Orr, 83 Pa. 332, and Schilling v. Abernethy, 112 Pa. 437, distinguished.

Argued Dec. 13, 1898. Appeal, No. 88, Oct. T., 1898, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1896, No. 151, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass. Before BRÉGY, J.

It appears from the evidence that defendants used an outlot for dumping ashes from their mills and directly opposite these mills is an opening in the stone wall for the purpose of carting in the ashes. The plaintiff, a boy six and a half years old, accompanied by his brother, visited the lot for the purpose of gathering coal, and getting upon a heap of freshly dumped ashes burned his feet. This suit was brought to recover damages for injuries resulting therefrom.

Other facts appear in the opinion of the court.

The court charged the jury in part as follows:

Now, negligence may be better understood by you if I should put it in this way—that a plaintiff has no right to recover unless he shows that the defendant, or the person sued, has done some-

thing which he ought not to have done.  Now, apply that to this case.  [If the Messrs. Dobson have done something that they ought not to have done, which caused this boy to be injured, then there should be a verdict in his favor, and for such a sum as you think proper.] [1]  [Applying the principle still further to the evidence, if the Messrs. Dobson put on a lot hot ashes—or burning ashes on a lot—and they were covered over with something that concealed the fact that there were burning coals underneath, and that they were put in such a public and exposed place, or so near to a public street that a child about five years old could wander in there, and have his feet burned by treading on them, and suffered an injury, then that would be negligence, and they would be responsible for the injury they caused—because it was a thing that they ought not to have done so near a public highway,—they knowing that an injury might be inflicted upon any one stepping or treading thereon.] [2] If, on the other hand, this was an open public place where ashes were dumped, and the ashes were in such a condition as to make it plain to the eye of anybody, even a child, that it would be a dangerous thing to step on them, if the condition of things assimilated itself to the case of a person burning something where the fire was evident to the eye, then this would not be a pitfall, and they would not be liable, and your verdict should be for them.

Verdict and judgment for plaintiff for $300.  Defendants appealed.

*Errors assigned* were (1, 2) to portions of the general charge, reciting same.  (3) In submitting the case to the jury, no liability upon the part of the defendants having been established by the plaintiff.

*Thomas Earle White,* for appellants.—A child of tender years may be a trespasser and be subject to the consequences of his trespass, citing Rodgers v. Lees, 140 Pa. 475, and other cases. It is settled by abundant authority that to enable a trespasser to recover for an injury, he must do more than show negligence. It must appear that there was a wanton or intentional injury inflicted upon him by the owner: Gillespie v. McGowan, 100 Pa. 144.

The only case in Pennsylvania at variance with the authorities quoted is the well known one of Hydraulic Works v. Orr, 83 Pa. 332, but this case has been expressly overruled by the Supreme Court in Gillespie v. McGowan, 100 Pa. 144.

*Louis Brégy*, with him *H. Homer Dalbey*, for appellee, relied on Hydraulic Works v. Orr, 83 Pa. 332, and cited Schilling v. Abernethy, 112 Pa. 437, as affirming Hydraulic Works v. Orr, supra.

OPINION BY ORLADY, J., March 23, 1899:

Joseph Feehan, aged six years, recovered a verdict of $300, as damages for personal injuries which were alleged to have been caused by the defendants' negligence, under facts disclosed by the plaintiff's evidence, as follows : The defendants owned and operated a large manufacturing establishment, in the factory part of Manayunk, known as "The Mt. Vernon Mills," which fronted upon a public street, and on the opposite side of the street they owned a lot of ground which was used by them as a depository for the ashes and cinders taken from the mill furnaces. This refuse material, when taken to the outlot, was sometimes hot and fresh from the hearths, and at other times it was partially cooled. The outlot was inclosed by a stone wall, varying from two to three feet in height above the level of the street, and the only opening in the wall was a gateway nearly opposite to the mill furnaces. Without the consent of the owners, and prior to the plaintiff's accident, adults and children had been frequently upon the lot in quest of coal and coke in the ash heaps, and, as trespassers, they had been driven repeatedly from the premises. Although the parents of the injured child knew of this use of the outlot, they consented to the continuing trespasses of their children, and profited by these incursions, in the use of the fuel brought to their home.

On the day of the accident, the six-year-old plaintiff with his fifteen-year-old brother left their home for the purpose of picking up coal and wood, and when near to the Dobson lot they noticed what they believed to be a piece of coke on an ash pile, to secure which they went over the wall. The ash pile appeared to be cold, but when the plaintiff stepped upon it he was severely burned by underlying hot coals, from which peril-

ous situation he was rescued by his elder brother, who, from his testimony, appears to be a bright intelligent boy.

At the conclusion of the plaintiff's case the defendant moved for a nonsuit, which was refused by the court and the cause was submitted to a jury with the instructions that, "if the Messrs. Dobson put on a lot hot ashes—or burning ashes on a lot—and they were covered over with something that concealed the fact that there were burning coals underneath, and that they were put in such a public and exposed place, or so near to a public street that a child about five years old could wander in there, and have his feet burned by treading on them, and suffered an injury, then that would be negligence, and they would be responsible for the injury they caused, because it was a thing they ought not to have done so near a public highway, they knowing that an injury might be inflicted upon any one stepping or treading thereon."

This child was, with the consent of his parents, where he had no right to be, and being of tender age he was under the immediate care of an elder brother, who was of sufficient intelligence and judgment to correctly appreciate the dangers they incurred. It was said in Rodgers v. Lees, 140 Pa. 475, "That a child of tender years may be a trespasser, and be subject to the consequences of his trespass has been decided by this court so many times, and in so many varying circumstances, that the question is no longer open to discussion: P. & R. R. Co. v. Hummell, 44 Pa. 375; Flower v. R. R. Co., 69 Pa. 210; Duff v. A. V. R. Co., 91 Pa. 458; Cauley v. P., C. & St. L. R. Co., 95 Pa. 398; 98 Pa. 498; H. Pass. R. Co. v. Connell, 88 Pa. 520; Moore v. P. R. Co., 99 Pa. 301; B. & C. R. Co. v. Schwindling, 101 Pa. 258; Gillespie v. McGowan, 100 Pa. 144; Oil City & P. Bridge Co. v. Jackson, 114 Pa. 321; McMullen v. P. R. Co., 132 Pa. 107."

In Hydraulic Works Co. v. Orr, 83 Pa. (1877) 332, a case where, in the heart of a great city, "a large platform was left slightly inclined against a wall and was liable to be tilted over whenever touched, and crush children beneath it like mice in a dead fall," it was held that "where the owner has reason to apprehend danger, owing to the peculiar situation of his property and its openness to accident, the rule will vary. The question then becomes one for a jury, to be determined upon

all the facts of the probability of danger, and the grossness of the act of imputed negligence." Of that case it was said, in Gillespie v. McGowan, 100 Pa. (1882) 144, that, "It is to be noticed that the opinion in Hydraulic Works Co. v. Orr makes no reference to the assignments of error and contains no authorities in support of it. What this court meant to decide in that case was that a person who maintains such a dangerous trap close to a public highway in the heart of a large city might be liable to a person injured thereby, although such person were a child six years of age trespassing upon the premises, and the familiar principle was invoked that 'one may not justifiably, or even excusably, place a dangerous pitfall, and wolf-trap, or a spring gun, purposely to catch even wilful trespassers poaching upon his grounds.' Hydraulic Works Co. v. Orr is authority only for its own facts. It was not intended to assert the doctrine that 'a child cannot be treated as a trespasser or wrongdoer,' and so far as it appears to sanction such a principle it must be considered as overruled. In Hydraulic Works Co. v. Orr, there was a recklessness that may be said to partake of the nature of wantonness, and it is only upon this principle that judgment can be logically sustained."

In Rodgers v. Lee, 140 Pa. (1891) 475, Hydraulic Works Co. v. Orr is considered, and the court said: "That case was put expressly upon the ground that there was nothing to indicate the dangerous character of the platform," etc. In Westerberg v. Kinzua, etc., R. Co., 142 Pa. (1891) 471, reference is made to Hydraulic Works Co. v. Orr to distinguish it from the one then under consideration, because in that case "neither the children nor their parents had anything to put them on their guard against the danger," and a judgment of nonsuit was affirmed. "A parent owes a reasonable duty of protection to his children, and cannot cast the whole of that duty upon strangers. If he permits them, when of tender years, to wander off in places of known danger, and by reason thereof an accident occurs to them, he has no just claim to make others bear the consequences of his own neglect:" Westerberg v. Railroad Co., supra. "If the evidence were undisputed that these parents had habitually permitted a child of this age (four and a half years) to play on the street on which ran the trolley car, there could have been no recovery, or if the evidence had

shown that they did not on that day, under the circumstances, exercise the care which a child of such tender years demanded, there could have been no recovery:" Evers v. Traction Co., 176 Pa. 376; Penso v. McCormick, 9 L. R. A. 313.

This plaintiff was not injured by reason of a dangerous place in the vicinity of a public road, while traveling thereon, as in Horstick v. Dunkle, 145 Pa. 220, nor was he there by any suggestion of an invitation to be upon the ground, as in Barthold v. Philadelphia, 154 Pa. 109.

The case before us differs radically from Hydraulic Works Co. v. Orr, supra, on which the appellee relies. In that case, the open gate, sign or no sign, was an implied invitation to children to enter into an open alley from a busy street in the heart of a city; the child was accompanied by companions of his own tender age; the parents did not know of the danger, or the probable exposure of the child to it; the child was in pursuit of infantile pleasure; and the owner knew that former accidents had happened from the same cause. But in this case the gateway was a necessary opening for the owner's use, through which the children did not wander, but scaled the wall, although it was a notice to stay out, and a barrier to be crossed; the child had his fifteen-year-old brother as a care taker and who participated in the hazard; the parents knew of the continuing trespasses but assented to the recurring risks which were recklessly taken; the sole object of the trespass was to take property which belonged to others; the place was in the factory portion of the town, and was inclosed as private property; there is no evidence of former accidents happening from the cause which injured this child, nor is Schilling v. Abernethy, 112 Pa. 437, at all similar in its facts to the one under consideration.

The evidence adduced by the plaintiff was insufficient to sustain a verdict, and it should not have been submitted to a jury. The plaintiff's statement discloses a good cause of action and the defendant did not ask for binding instructions.

The judgment is reversed and a venire facias de novo awarded.