# Peoples National Bank of Pensacola *v.* Hazard, Appellant.

*Appeals—Assignments—Verdict—Refusal of continuance—Refusal of new trial—Practice, C. P.*

1. The verdict of the jury is not properly assignable for error.

2. The granting or refusal of a motion for a continuance is a matter within the discretion of the trial judge, and his action will not be overruled on appeal, except for manifest error.

3. The trial court does not err in refusing a continuance until the return of a commission issued to a distant city, where the record shows that a rule for the commission was not entered until four days before the case was called for trial, although the case had been at issue for over a year.

4. The power of the appellate court to grant a new trial under the Act of May 20, 1891, P. L. 101, is exceptional in character and only to be exercised in very clear cases of wrong.

5. An assignment of error to the refusal to grant a new trial will not be considered where the assignment does not set forth the motion, the reasons assigned, or the order of court.

*Evidence—Depositions—Adopting opponent's witness.*

6. Where depositions taken on behalf of plaintiff are offered at the trial, not by the plaintiff, but by the defendant, the latter adopts the witness as his own, and he cannot complain of the action of the court in sustaining objections to certain questions asked the witness on cross-interrogatories propounded by the defendant himself.

*Promissory notes—Defenses—Evidence.*

7. In an action upon a promissory note where depositions taken on behalf of the plaintiff, but offered in evidence by the defendant, show that the plaintiff was a bona fide holder for value without notice, and such evidence is not contradicted, it is the duty of the trial judge to give binding instructions for plaintiff. In such a case although the depositions were taken for the plaintiff, the defendants adopted them when they offered them in evidence, and they cannot discredit their own testimony.

Argued March 21, 1911. Appeal, No. 2, Jan. T., 1911, by defendants, from judgment of C. P. No. 5, Phila. Co., March T., 1909, No. 2,589, on verdict for plaintiff in case of The Peoples National Bank of Pensacola, Florida, v. Horace G. Hazard and John H. Hillman, trading as Horace G. Hazard & Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note. Before MARTIN, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,605.26. Defendant appealed.

*Errors assigned* were (1–20) various rulings and instructions sufficiently indicated in the opinion of the Supreme Court.

*George F. Deiser*, for appellants.

*A. L. Moïse*, with him *S. D. Matlack* and *S. H. Alleman*, for appellee.

OPINION BY MR. JUSTICE POTTER, May 8, 1911.

This was an action of assumpsit on a promissory note for $1,450, made by the defendants, Horace G. Hazard & Company, to the order of C. W. Hagerman, trustee, dated at Philadelphia, February 3, 1906, and payable thirty-six months after date. The note was indorsed by the payee and also by the Wells-Kahn Company, by whom it was made payable to the order of the People's National Bank of Pensacola, Florida, the plaintiff. It was protested for nonpayment on February 3, 1909.

Upon the trial, counsel for plaintiff offered the note in evidence, and rested. The two defendants were then called by their counsel to prove that the consideration for the note was fraudulent and had failed. Counsel also read in evidence the depositions of the president of the plaintiff bank, and the manager of the Wells-Kahn Company,

which had been taken by commission on behalf of the plaintiff. By these depositions it appeared that the plaintiff bank had discounted the note for the Wells-Kahn Company in the regular course of its business; that it was a bona fide holder for value, and that the Wells-Kahn Company had received the proceeds of the note. There was no evidence that the bank had notice of any equities existing between the original parties to the note. The trial judge gave binding instructions for the plaintiff, and the jury rendered a verdict in its favor for $1,605.26, upon which, after a new trial had been refused, judgment was entered. Defendants have appealed.

There are twenty assignments of error. The first four are to the verdict of the jury, which is not properly assignable for error. The fifth and nineteenth assignments allege that the trial court committed error in refusing to permit defendants to secure the presence of a material witness and in refusing a continuance until the return of a commission issued by them to Kansas City, Mo. Neither assignment quotes from the bill of exceptions and nothing whatever can be found in the testimony to support assignment five, and nothing except the allowance of an exception, to support assignment nineteen. The docket entries show that the rule for a commission was not entered until November 5, 1910, four days before the case was called for trial, although it had then been at issue for over a year. The granting or refusal of a motion for a continuance is a matter within the discretion of the trial judge, and his action will not be overrruled except for manifest error: Com. v. Buccieri, 153 Pa. 570; Gillman v. Media, etc., Ry. Co., 224 Pa. 267. The twentieth assignment is to the refusal to grant a new trial; but it does not set forth the motion, the reasons assigned, or the order of the court. The power of this court to grant a new trial under the Act of May 20, 1891, P. L. 101, is exceptional in character, and only to be exercised in very clear cases of wrong. See Murtland v. English, 214 Pa. 325. No such case is here shown. In assignments six to ten inclusive, as amended,

counsel complains of the court below for sustaining objections to certain questions asked of plaintiff's witness, James Simpson Reese, on cross-interrogatories, under the plaintiff's commission to take testimony at Pensacola, Fla. Upon the trial, however, the deposition of this witness was read in evidence by defendants' counsel, and was not offered by plaintiff. By this action defendants adopted the witness as their own.

The only questions properly raised by the assignments of error are whether the trial judge erred in sustaining objections to these questions, and in his final action in directing a verdict for plaintiff. Under the rules of court, objections to the admissibility of evidence taken on commission, may be taken on the trial, if the exception be one that might be taken, "if the witness were offered for examination orally in court." While the deposition of the witness, Reese, was taken on behalf of plaintiff, yet for some reason, as we have noted, counsel for defendant saw fit to offer it in evidence as part of his own case. By so doing counsel made the witness his own, and was precluded under the general rule, from impeaching his credibility. See Penna. R. R. Co. v. Fortney, 90 Pa. 323, where Mr. Justice Mercur said (p. 328): "It is true, as a general rule, a party cannot be permitted to impeach the veracity of his own witness." In Fisher v. Hart, 149 Pa. 232, Mr. Justice Sterrett said (p. 235): "As a general rule neither party has a right to treat his own witness as hostile, and proceed either to cross-examine him or to call other witnesses to contradict him, without first showing sufficient cause for so doing." No sufficient cause was here shown. Defendants' counsel knew the contents of the deposition, before he read it to the jury; and if he regarded the witness as in any way hostile, he need not have offered the deposition. The questions ruled out went only to the credibility of the witness, and as the trial judge took the whole case from the jury, it does not seem that the defendants were harmed by the refusal to permit these particular cross-interrogatories to be answered.

This leaves for consideration, the question whether the trial judge was justified in giving binding instructions in favor of the plaintiff. With regard to this matter, the situation was as follows: Defendants offered some testimony as to representations made to them by the payee of the note, which they claimed were fraudulent, and which induced them to assign and deliver the note. Their counsel then read in evidence the depositions of the witnesses, Reese and Kahn, and, as above pointed out, thereby made them their own witnesses; these depositions show that the plaintiff bank discounted the note for the Wells-Kahn Company, without any notice whatever of any defect in, or defense to, the note. In other words, these witnesses who were the only ones to testify as to the manner in which the plaintiff bank acquired title to the note, showed clearly by their evidence, that the plaintiff was a bona fide holder for value of the note sued upon, without notice of any want of consideration for the note, or any defense as against it. This testimony offered by defendants was uncontradicted. They are therefore bound by it. Under this evidence, nothing was left for the jury to pass upon, and it became the duty of the trial judge to determine the question of law arising upon the undisputed facts. That a plaintiff, being a bona fide holder for value of negotiable paper, without notice, is entitled to recover against the maker, notwithstanding any equities existing between the maker and the payee, is clearly established. See Lancaster County National Bank v. Garber, 178 Pa. 91, and the cases there cited. In the case at bar there is no evidence whatever to affect plaintiff with knowledge of any fraud on the part of the payee of the note; and on the other hand, it does affirmatively appear from the evidence offered by defendants themselves, that plaintiff had no such knowledge.

We do not regard this case as coming within the principle of Second Nat. Bank v. Hoffman, 229 Pa. 429, where the plaintiff bank offered evidence to show that it was a bona fide holder, for value, of the note in suit, and it was held

that the case should have gone to the jury upon the credibility of the witnesses. Here the testimony which showed that the plaintiff was a bona fide holder of the note in suit, for value, and without notice, was offered by the defendants, and, under the authorities, they were not therefore at liberty to discredit this testimony. As matters then stood, there was nothing left for the trial judge but to accept this testimony as true, in so far as it affected the case for defendants. With his ruling upon the legal effect to be given to this evidence we fully agree.

. The assignments of error are overruled, and the judgment is affirmed.