# Fuoss *v.* The Tipton Water Company, Appellant.

*Trials—Jurors—Disqualifications—Rulings of the trial judge.*
1. In the trial of an action against a corporation which was organized and operated for the benefit of a railroad company, a ruling of the trial judge that no employee of the railroad company was eligible to sit as a juror, was not reversible error, where it did not appear that any juror was challenged by the defendant, or that any employee of the railroad company was called as a juror, or that any such employee was on the jury panel.

*Practice, Supreme Court—Appeals—Assignments of error—Defective assignments.*
2. Assignments of error complaining of the admission of expert testimony on the ground that the witnesses were not properly qualified, will be dismissed as defective, where they do not contain the preliminary examination of the witnesses as to their qualifications.

3. Assignments of error complaining of the lower court's refusal of defendant's motion for a new trial, are defective where they do not set forth the motion or reasons for a new trial.

*Water companies—Eminent domain—Water power—Interference—Measure of damages.*

4. While the measure of damages for interference with water power, where the real estate is untouched, is the value of the water power taken, yet where the parties have tried the case on the theory that the measure of damages was the difference in the market value of the property before and after the injury complained of, a verdict and judgment for plaintiff will not be reversed, especially where there is no assignment of error which raises the question of the proper measure of damages.

5. In such case the court was not in error in excluding offers made by defendant to prove the condition of plaintiffs' mill and water power at periods six and eight years after the trespass complained of, where there was no offer to show that the conditions at the times referred to in the offers, were the same as those which existed immediately after the taking.

Argued April 20, 1915.   Appeal, No. 275, Jan. T., 1914, by defendant, from judgment of C. P. Blair Co., June T., 1914, No. 145, on verdict for plaintiff in case of Anna K. Fuoss, Anna C. Fuoss, William Fuoss, Jacob Fuoss, George H. Fuoss, Leonard Fuoss and John Fuoss v. The Tipton Water Company.   Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ.   Affirmed.

Trespass for impairing plaintiffs' water power.   Before Baldrige, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $8,264 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings of the trial judge referred to in the opinion of the Supreme Court.

*Daniel J. Neff* and *J. D. Hicks,* with them *A. J. Riley,* for appellant.

*W. I. Woodcock,* with him *John Woodcock,* for appellees.

OPINION BY MR. JUSTICE POTTER, October 4, 1915:

This was an action of trespass brought by the plaintiffs against the Tipton Water Company, to recover damages for the appropriation by the defendant, under the power of eminent domain, of the waters of the stream known as Tipton run. The plaintiffs were the owners of a tract of ground containing sixteen or seventeen acres, located on Haggerty's run or Little Juniata river, to which Tipton run was a tributary, flowing into it a short distance above plaintiffs' property. A grist mill was erected upon plaintiffs' land, which was run by water power obtained from Haggerty's run. Plaintiffs alleged that by the appropriation and diversion of the waters of Tipton run, their water power was so reduced as to render their mill practically valueless. The trial in the court below resulted in a verdict for plaintiffs. From the judgment entered thereon defendant has appealed.

The first assignment of error here presented is as to the ruling of the trial judge that no employee of the Pennsylvania Railroad Company was eligible to sit as a juror in the trial of the present case. This for the reason that it appeared that the defendant company was organized, and operated for the benefit of the railroad company. It does not appear, however, from the record that any juror was challenged by the defendant, or that any employee of the Pennsylvania Railroad Company was called as a juror, or that any such employee was on the jury panel. There is nothing to show that appellant's rights were affected in any way by the ruling of which complaint is made. The question sought to be raised by the first assignment is, therefore, purely academic and calls for no consideration.

In the second, third, fourth and fifth assignments of error, complaint is made of the action of the trial judge in overruling objections made by defendant's counsel to the admission of the testimony of four witnesses called by plaintiffs to prove the value of their property

before and after the appropriation of the water of Tipton run by defendant. These assignments are all defective, in that they do not contain the preliminary examination of the witnesses by counsel for plaintiffs. The record shows that in each case, the ground was laid for asking the opinion of the witness as to values, by an examination concerning his knowledge of the property, and as to his qualifications for testifying. We do not see anything to indicate that the witnesses were not qualified to testify. The question was not as to the value of land taken under the right of eminent domain, but it was as to the depreciation in value of plaintiffs' property by reason of defendant's interference with their water power. It appeared that but few sales had taken place in the neighborhood and the evidence as to market value offered by plaintiffs seems to have been the best which was available under the circumstances. We see no error in its admission.

The sixth and seventh assignments of error complain of the action of the trial judge, in excluding offers made by defendant's counsel to show the condition of plaintiffs' mill and water power in 1912, and of Tipton run, above and below the intake of 1910, for the purpose of showing that plaintiffs were not damaged to the extent claimed through the appropriation of water from Tipton run by defendant. These offers were excluded as being too remote, the time to which they referred being in one instance six, and in the other eight years, after the taking of the water, which occurred in 1904. There was no offer to show that the conditions in 1910 and 1912 were the same as those which existed immediately after the taking. Under the terms of these offers we think the testimony was properly excluded.

In the eighth assignment it is alleged that the court below erred in overruling defendant's motion for a new trial. This assignment is defective in that it does not set forth the motion or the reasons for a new trial. See Peoples National Bank of Pensacola v. Hazard, 231 Pa.

552. As we there said: "The power of this court to grant a new trial under the Act of May 20, 1891, P. L. 101, is exceptional in character, and only to be exercised in very clear cases of wrong." We cannot say that this is such a case, although the verdict seems large in view of the comparatively small diminution of the water power resulting from defendant's appropriation. We are impressed with the thought that in a case such as this where the real estate is untouched, and the interference is only with the water power, the proper measure of damages should be the value of the water power which was taken. The present case was, however, tried by both parties on the theory that the proper measure of damages was the difference in the market value of plaintiffs' property before and after the injury alleged to have been caused by the loss of water power through defendant's appropriation. Counsel for defendant submitted a point, which was affirmed as follows: "The damages must be ascertained by determining the market value of the mill property before the diversion of the water, and the market value after the diversion." It is not alleged that there was error in the charge, or in the answer to any point. Both parties agreed that the measure of damages to be applied was the difference in the market value of the property. The trial judge did, however, affirm a point submitted by defendant to the effect that if plaintiffs could have installed electric power at their mill at a reasonable expense that fact might be considered in mitigation of damages, and the jury were instructed that they could take that fact into consideration in determining the difference in market value before and after the injury to the water power. Counsel for defendant might well have urged upon the jury the conclusion that the damage to plaintiffs' property should be measured by the cost of replacing the power which had been taken away by the appropriation of the water. But however that may be, there is no as-

signment of error here which raises the question of the application of the proper measure of damages.

The assignments of error are all overruled, and the judgment is affirmed.