## Macneir, Appellant, *v.* Wallace.

*Contracts—Sales of stock—Commissions—Judgment for defendant n. o. v.*

1. In an action to recover a commission upon the sale of certain stock alleged to have been effected by plaintiff at the request of defendant where it did not appear that plaintiff was the efficient moving cause of the sale, and where it did appear that defendant had negotiated the sale himself, the court made no error in entering judgment for defendant n. o. v.

*Court and jury—Verdict—Capricious disbelief of testimony.*

2. A verdict which plainly indicates that the jury indulged in a capricious disbelief of the testimony should not be permitted to stand.

Argued Jan. 3, 1916. Appeal, No. 176, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1913, No. 449, for defendant n. o. v., in case of Edwin Macneir v. Robert Wallace. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for commissions upon the sale of stock. Before RALSTON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,620.00. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Errors assigned* were rulings on evidence and in entering judgment for defendant n. o. v.

*Latimer P. Smith,* for appellant.

*John Arthur Brown,* with him *Henry P. Brown,* for appellee.

OPINION BY MR. JUSTICE POTTER, February 14, 1916:

From the evidence in this case, it appears that defendant agreed to pay to plaintiff a commission upon all subscriptions which plaintiff should get, to the capital stock of the Wallace Automobile Company. Plaintiff suggested the name of George W. Bremer as a possible purchaser, but the record shows that he did not begin negotiations with him upon the subject, nor did he first bring the matter to the attention of Mr. Bremer. Nor did he make the sale of the stock to him. That was accomplished by the defendant. Mr. Bremer testified that he subscribed for the stock as a result of meeting Mr. Wallace, the defendant. That he then made an investigation and decided to purchase. Nowhere in the record does it appear that the plaintiff was the efficient, moving cause of the sale, and unless he was, he did not earn a commission. There was nothing in the agreement giving plaintiff an exclusive right to control the sale of the stock within any specified time. The mere suggestion of the name of a possible purchaser, without more, was not enough. Had plaintiff brought the parties together, for the purpose of effecting a sale, and if, his introduction, or his opening of negotiations had resulted in a sale, his commission would have been earned; but there is nothing in the evidence to justify that conclusion. The established principle that where an agent has commenced negotiations with a purchaser, the principal cannot, pending the negotiation take the matter into his own hands and complete it, has no 'application here. No negotiations were pending when defendant broached the

subject to Bremer, nor did plaintiff first bring the matter to his attention. As a matter of fact, the evidence tends to show that the inducing cause of the purchase by Bremer was largely the promise of a salaried position with the company, rather than the merits of the stock as an investment. We agree with the court below, that there was nothing in the testimony from which the jury could fairly find that plaintiff brought the parties together, or was in any way the immediate and effective cause in procuring Bremer's subscription. On the contrary, the uncontradicted evidence shows that defendant, meeting Bremer accidentally, presented the subject, gave him full details the next day, had other meetings with him thereafter, and finally induced Bremer to subscribe upon condition that he should have a salaried position with the company. Under these circumstances, the court below was right in entering judgment for the defendant non obstante veredicto. A verdict, which plainly indicates that the jury indulged in a capricious disbelief of the testimony, should not be permitted to stand: Walters v. American Bridge Co., 234 Pa. 7; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.

The assignments of error are overruled, and the judgment is affirmed.