## Scott v. Bergdoll, Appellant.

*Appeals—Assignments of error—New trial.*

1. Assignments of error must be self-supporting.

2. Where the overruling of a motion for a new trial is assigned for error, the assignment must set forth the motion and reasons and the order of the court.

*Attorneys-at-law—Compensation for services—Excessive verdict —New trial—Discretion.*

3. A judgment will be reversed on account of the amount of the verdict only where it is so grossly excessive as to shock the sense of justice of the appellate court, and indicate a clear abuse of discretion on the part of the court below in refusing to set the finding aside and grant a new trial.

4. A verdict of $10,000 for legal services will not be set aside as excessive, where ten reputable members of the bar testify that, under the peculiar circumstances, and, in view of the standing of plaintiff in his profession, and the time devoted in behalf of defendant, the amount claimed by plaintiff and substantially allowed by the jury, was fair and reasonable.

*Jury—Connection of juryman with plaintiff—Setting aside verdict.*

5. The mere fact that the foreman of the jury was a son of a client of plaintiff, is no ground for setting aside a verdict in favor of plaintiff; and especially is this so where plaintiff had no knowledge of such relationship.

*Evidence—Depositions in support of new trial—Depositions as part of record—Appeals.*

6. Objection cannot be made on appeal that depositions in support of a new trial were not a part of the record, where the depositions themselves recite they were taken "pursuant to notice and

on motion for new trial," and the record shows the hearing was attended by counsel for plaintiff, and no objection was raised as to the regularity of the proceedings, and, further, that it appeared from the docket entries the depositions were duly filed of record.

Argued March 25, 1921. Appeal, No. 412, Jan. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1919, No. 1960, on verdict for plaintiff, in case of Henry J. Scott v. Emma C. Bergdoll. Before MOSCHZISKER, C. J., FRAZER. WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for professional services. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,005. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant, and (2) refusal of new trial.

*Frank A. Harrigan,* with him *Jay C. Bossard,* for appellant.—No person should be permitted to serve on a jury who stands in any relation to a party to the cause that would "carry with it prima facie evident marks of suspicion of favor": Hufnagle v. Del. & Hudson Co., 227 Pa. 476; Seeherman v. Wilkes-Barre Co., 255 Pa. 11.

*Albert T. Hanby,* with him *Harry E. Apeler* and *Hugh McAnany, Jr.,* for appellee.—The question of the amount of a verdict is always for the lower court in its discretion: Knobeloch v. Ry., 266 Pa. 140.

The refusal of a new trial is a matter within the discretion of the trial court: DeHaas v. R. R., 261 Pa. 499; Hunter v. Bremer, 256 Pa. 257; Walker v. Walker, 254 Pa. 220.

OPINION BY MR. JUSTICE FRAZER, April 18, 1921:

Plaintiff sued to recover compensation for professional services rendered defendant in connection with her

arrest by the federal authorities, under charges of aiding a deserter and of assisting a draft evader of the United States army and for services in connection with various proceedings under warrants of seizure issued against articles of personal property owned by defendant. The defense admits services were rendered but claims the amount charged is unreasonable. The jury rendered a verdict for $10,005 and from judgment entered on the verdict defendant has appealed.

The questions necessary to be passed upon are raised under the second assignment of error, which is to the refusal of the court below to grant a new trial. This assignment, as originally stated, merely recited that the court erred in overruling the motion for a new trial and in entering judgment for plaintiff on the verdict. We have repeatedly said that assignments must be self-supporting and that where the overruling of a motion for a new trial is assigned for error it must set forth the motion and reasons and the order of the court: Com. v. Filer, 249 Pa. 171; Fuoss v. Water Co., 251 Pa. 68; Sikorski v. Phila. & R. Ry., 260 Pa. 243; Walla v. Mifflin Twp., 266 Pa. 139. An attempt was made to cure the defects in this respect by filing amended assignments; this attempt, however, was but partially successful as the first amended assignment contains the motion and reasons for a new trial but not the order of the court, while the second contains the order only but without including the motion and reasons. We have, however, considered the case on its merits and find no cause for reversal.

Defendant contends the verdict is excessive. Considered in the light of the labor and time devoted to defendant's litigation by plaintiff, there does seem to be considerable merit in this contention. However, this court has uniformly held in a line of cases beginning with Smith v. Times Pub. Co., 178 Pa. 481, and extending down to the recent case of Knobeloch v. Pgh., etc., Rys. Co., 266 Pa. 140, that a judgment will be reversed

on account of the amount of the verdict only where it is so grossly excessive as to shock our sense of justice and indicate a clear abuse of discretion on the part of the court below in refusing to set the finding aside and grant a new trial. In this case plaintiff called ten witnesses, all of whom are reputable members of the Philadelphia Bar, who testified that, under the peculiar circumstances, and, in view of the standing of plaintiff in his profession and the amount of time devoted in behalf of defendant, the amount claimed by plaintiff and substantially allowed by the jury was fair and reasonable. As against this testimony defendant offered no proof of unreasonableness of the fee except her own testimony. While it is true she attempted to set up an express agreement to the effect that the fee to be charged for the services would be $1,000, she failed to support her contention by proper proof. Under all the testimony there is ample evidence to support the verdict and we cannot say the court below abused its discretion in allowing it to stand.

The remaining question involved is whether, as subsequently shown, the foreman of the jury being a son of a client of plaintiff, was that fact sufficient ground for setting aside the verdict? Depositions were taken in support of the reasons set forth in the motion for a new trial and plaintiff now argues the depositions are not properly part of the record. This contention cannot be sustained. The depositions recite they were taken "pursuant to notice and on motion for new trial" and the record shows the hearing was attended by counsel for plaintiff and no objection was raised as to the regularity of the proceedings. It appears from the docket entries the depositions were duly filed of record. This distinguishes the case from that of Com. v. Jester, 256 Pa. 441, where depositions were taken and used in support of a petition to the Superior Court for a writ of habeas corpus and the record contained nothing to indicate they were in fact filed or taken pursuant to a rule or regular practice.

Further, the record fails to show that plaintiff was aware that the foreman of the jury was a son of a client of his.   If he possessed that information, a proper re-gard for the court and the ethics of his profession should have prompted him to make known his professional re-lationship with the juror's relative and afford defend-ant an opportunity to challenge, if she saw fit to do so. We cannot, however, say that the mere existence of such relationship between the client and a juror is sufficient ground for setting aside the verdict.   It is familiar law that a juror will not be accepted to serve in an action where there exists a business relation between him and one of the parties which is calculated to influence his verdict: 3 Blackstone's Com. 363; Harrisburg Bank v. Forster, 8 Watts 304.   In the above case, quoting from Blackstone, this court said (page 306) : " 'A principal challenge is such, where the cause assigned carries with it prima facie evident marks of suspicion, either of mal-ice or favor; as that a juror is of kin to either party within the ninth degree, etc., etc. ; that he is the party's master, servant, counsellor, steward or attorney, or of some society or corporation with him; all these are principal causes of challenge, which, if true, cannot be overruled; for jurors must be omni exceptione majores.' Sir William Blackstone does not profess to enumerate all the causes of challenge under this head; he only men-tions some of them, by way of example and illustration; and they are very sufficient to show that the juror ought not to stand in any relation to the party, arising either from contract or otherwise, that would carry with it prima facie evident marks of suspicion of favor, such as steward, which is one of the relations mentioned."   We know of no decision, however, extending this rule to a case where the relationship of attorney and client ex-isted not between a party and a juror, but between a party and a relative of a juror and no reason seems to require such extension of the rule so long as there is nothing in the relationship between the parties to indi-

cate the former might exercise control over the latter. In Jones v. Ford, 134 N. W. (Iowa) 569, it was held that even in case of attorney and client the latter is a competent juror if the connection had, in fact, terminated and there merely remained the relationship of debtor and creditor, the juror being in debt for the services rendered. It has also been held that a brother-in-law of one of the firm of defendant's attorneys, but not the one who tried the case, acting as a juror without plaintiff's knowledge of the relationship, was not a cause for reversal (Edwall v. C., R. I. & P. R. R., 208 Ill. Ap. 489); and that a defendant in a case was the family physician of a juror has been held not ground for disqualification where the trial judge in his discretion refused to sustain a challenge: First Nat. Bank v. Smith, 55 Col. 516. In Funk v. Ely, 45 Pa. 444, it was held that the fact that a juror was a brother-in-law of one of counsel in the cause was not sufficient ground for rejecting him. Likewise in Cummings v. Gann, 52 Pa. 484, a suit in which an innkeeper was a party, it was held not ground for challenge that a juror was a temporary guest for pay at the hotel of the innkeeper, the court saying (page 488): "I think it is estimating integrity, under the sanction of an oath especially, rather too cheaply, to hold it to be a legal presumption, because a man summoned as a juror eats and sleeps in a public house on the terms of paying, he is not probus et legalis homo, and fit to sit on a jury where his landlord is a party." In the present case there is no contention of the existence of any business, professional or other relationship between plaintiff and the juror and the record indicates nothing to show bias or prejudice calling for reversal.

The judgment is affirmed.