Panati, Appellant, *v.* Booth.

Argued Nov. 13, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Joseph A. Culbert,* for appellant.—The words "as per contract" were surplusage and did not destroy the negotiability of the note. Overton v. Tyler, 3 Pa. 346; Utah Lake Irr Co. v. Allen et al. (Utah-1924) 231 P. 818; Waterbury-Wallace Co. v. Ivey, 163 N. Y. S. 719; Crum v. Lane Company, 284 S. W. 980; Slaughter v. Bank of Bisbee (Arizona 1916) 154 P. 1040.

*Joseph L. Ehrenreich,* for appellee.—The affidavit of defense was insufficient under the Practice Act of 1915. Parry v. First National Bank of Lansford, 270 Pa. 556; Campbell Coal & Coke Co. v. P. R. R. Co., 288 Pa. 36; Root v. Hershey, 86 Pa. Superior Ct. 471. The promissory note bearing upon its face the words "as per contract" was not negotiable. Post v. Kinzua Railway Co., 171 Pa. 615; Stucker v. Shumaker, 290 Pa. 348.

OPINION BY CUNNINGHAM, J., January 25, 1929:

Josephine Panati, claiming to be the holder in due course of a certain promissory note—made by Charles S. A. Booth under date of November 1, 1927, promising to pay $1,500 three months after date to the order of Julius Pannetti (Panati) at 4355 Frankford Avenue, Philadelphia, "as per contract," and containing on the back thereof the endorsement "Pay to the order of Josephine Panati [signed] Julius Pannetti,"—brought suit thereon in the municipal court of Philadelphia against the maker. The defendant filed an affidavit of defense; plaintiff took a rule for judgment for want

of a sufficient affidavit, which the court below discharged, and she now appeals from the order discharging her rule.

We gather from the pleadings that under date of March 20, 1926, Julius Panati, the payee of the note, entered into a contract with Booth, the maker, to furnish and supply all material and do and perform all labor for the plastering necessary for the erection and completion of fifteen houses then being built by Booth in the City of Philadelphia for the sum of $5,200. Of this amount $3,700 was to be paid in weekly instalments as the work progressed and in said agreement Booth agreed that thirty' days after the completion of the work he would "give and execute to the said contractor his promissory note for the balance, $1,500, payable three (3) months after date," etc. The affidavit of defense avers that "to the best of defendant's knowledge" the plaintiff is the wife of the payee and paid no value for the note. Under the head of new matter the affidavit sets up the execution of the contract and avers that Julius Panati "failed to do the said work in accordance with the plans and specifications, and in a good and workmanlike manner for the reason that cement and lime were used by the said Julius Panati in plastering the walls of the garages in said houses, whereas the plans and specifications for said houses required a cement finish in the garages of said premises, and further that said work was not done in a good and workmanlike manner in that the plastering performed by the payee, Julius Panati, is out of plumb." A copy of the contract was attached to the affidavit. Several reasons were given by the court below for discharging the rule and five questions (four of which deal with the sufficiency of the pleadings) are stated by counsel for appellant as involved upon this appeal but, for the purpose of its disposition, it is necessary for us to consider only one of them, viz.,

whether the negotiable character of the note sued upon has been affected by the placing on its face of the words "as per contract." The rights of the plaintiff as against the defendant are materially affected by that question. It is provided by the first section of the Negotiable Instruments Act of May 16, 1901, P. L. 194, inter alia, that an instrument to be negotiable "must contain an unconditional promise or order to pay a sum certain, in money" and the rule is well established that the instrument must be certain, unconditional and not subject to any contingency. "A note is not negotiable where it provides that it is subject to the terms or conditions of some other agreement, as where it reads 'subject to' a certain contract. But where a bill or a note makes a reference to an agreement which amounts to nothing more than a reference to the origin of the transaction or to the consideration on account of which the instrument is given, its negotiability is not affected": 8 Corpus Juris 124, Sec. 216. Under section 3 of our act an unqualified promise to pay is unconditional though coupled with "a statement of the transaction which gives rise to the instrument." We have not been referred to any Pennsylvania case directly in point, but the able and comprehensive brief of counsel for appellant contains citations of cases from other jurisdictions showing that the placing of such phrases as "for payment under contract of even date" or "payment on contract No.—" upon a note does not destroy its negotiability. The question, as raised in this case, is, at least, debatable and it is quite possible that an inquiry by a court, and possibly by a jury, into the intent of the maker and of the payee of the note in making and accepting it with the phrase "as per contract" written upon its face may become necessary. Did they intend thereby merely to refer to the origin of the transaction or to the consideration on account of which the note was

given, or did they intend to make the note subject to and to impress upon it the defenses to which the maker would be entitled under the contract in the event of its breach? These inquiries cannot be answered by an inspection of the pleadings. As stated by this court in Minster v. Blair, Inc., 94 Pa. Superior Ct. 401, we do not reverse the court below in appeals of this kind "unless it is clear and free from doubt that the court erred in refusing judgment." Nor do we discuss the applicable rules of law until an opportunity is had to develop the case at a trial: Brown v. Unger, 269 Pa. 471.

The order discharging the rule for judgment is affirmed.