## Carroll v. Howlett.

*Frank H. Warner*, for plaintiff; *Roy Martin Boyd*, for defendant.

ALESSANDRONI, J., July 5, 1929.—The plaintiff, a practicing attorney of the City of Philadelphia, brought this action against the defendant for $10,000, the alleged value of professional legal services rendered the defendant. The defendant filed an affidavit of defense denying that the plaintiff had ever been engaged as counsel by the defendant, and averred that the plaintiff tendered his services for about five months as a friend of the family, and that other attorneys were engaged to handle the legal work, with whom the plaintiff acted as associate counsel. The affidavit of defense concludes with an allegation that such services as were rendered were not worth more than $500. Both parties waived a jury trial. Upon consideration of the testimony produced at trial, the court makes the following

### Findings of fact.

1. The plaintiff, on March 1, 1921, was, and still is, a practicing attorney admitted to all the courts in Pennsylvania and the United States, except the Supreme Court of the United States.

2. On Sept. 21, 1921, the defendant's husband, Michael P. Howlett, died, leaving a will in which his wife was named as one of the executors and under which the defendant was given a life interest in a property located at No. 2303 North Broad Street and the sum of $500 per month for life.

3. The net value of the estate as evidenced by the executors' account amounted to $539,263.53.

4. On or about March 1, 1921, the defendant called the plaintiff, asking him to come to her home; from then until June 9, 1922, the plaintiff was continually called by the defendant or her agent, her son, Joseph, regarding her individual and personal matters. After June 9, 1922, practically the only services rendered the defendant were with reference to the widow's exemption in the estate.

5. The plaintiff advised the defendant regarding an agreement she had signed with Frederick McOwen and Charles C. Norris, Esqs., attorneys for the executors, the terms of which she was not fully acquainted with, and arranged for the rescission of this agreement.

6. The plaintiff, during the above-mentioned period, advised the defendant regarding jewelry left by Michael P. Howlett, and particularly with regard to a ring alleged to have been given to Joseph Howlett before the deceased's death, and with regard to debts due to creditors, so that those justly chargeable to the estate were properly paid.

7. During this period the value of the estate was not definitely determined, and, after investigation, the plaintiff advised the defendant to take against her husband's will, so that she received an estate of approximately $180,000

instead of the sum of $500 per month for life and the life estate in the Broad Street property, as provided by the terms of the will.

8. During this period the plaintiff advised the defendant regarding the preservation of the name of Michael P. Howlett, because of its intrinsic value in the stevedoring business, and with regard to the purchase of the business from the estate, so that it could be continued by her son, Joseph Howlett. As a result of this advice, he proceeded to create two corporations, one in Pennsylvania and one in New Jersey, so as to perpetuate the name of Michael P. Howlett with relation to the stevedoring business in which he had been engaged. This necessitated numerous conferences with Owen J. Roberts, Esq., and other attorneys, and was contested by the estate. The costs actually expended by the plaintiff in such corporations amounted to $148.10.

9. During this period of employment one Gertrude Sprague claimed to be the widow of the decedent by a prior marriage and threatened to put in her claim against the estate as the lawful widow of Michael P. Howlett. This, of course, questioned the legitimacy of the defendant's children. The plaintiff engaged in conference with other attorneys and was instrumental in settling her claim.

10. The plaintiff advised the defendant with regard to inheritance taxes and the purchase of the Michael P. Howlett stevedoring business from the estate.

11. From March 1, 1921, to June 9, 1922, the plaintiff was continually called and consulted by the defendant and the defendant's son, Joseph, with regard to the aforementioned matters, as well as other less important allied questions.

12. The plaintiff secured, on behalf of the defendant, the services of Owen J. Roberts, Esq., to assist in representing Mrs. Howlett's personal interest.

13. Five reputable attorneys testified as to the reasonable value of the services rendered by the plaintiff, four of whom testified that the services were worth $10,000, and one of whom testified that a reasonable charge for the services would be anywhere from $7500 to $12,000.

## Discussion.

The testimony produced at trial clearly indicates that the plaintiff was engaged by the defendant to represent her in her individual affairs, and that he was continually at the call of the defendant with regard to her interest for a period from about March 1, 1921, to June 9, 1922. The estate involved was of great value and the plaintiff devoted a great deal of time in the interests of the defendant. In the case of Hanley v. Waxman, 80 Pa. Superior Ct. 274, it was stated that: "The things to be taken into consideration in determining the compensation to be recovered by an attorney are the amount and character of the services rendered, the labor, the time and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill and experience called for, and the standing of the attorney in his profession, to which may be added the general ability of the client to pay and the pecuniary benefit derived from the services."

The value of the services is a question that is left to the discretion of the court. In the case of Scott v. Bergdoll, 270 Pa. 324, "plaintiff called ten witnesses, all of whom are reputable members of the Philadelphia bar, who testified that under the peculiar circumstances and in view of the standing of plaintiff in his profession and the amount of time devoted in behalf of the defendant, the amount claimed by the plaintiff and substantially allowed by

the jury was fair and reasonable. Under all the testimony, there is ample evidence to support the verdict, and we cannot say the court below abused its discretion in allowing it to stand." The question of the excessiveness of the verdict was held to be in the discretion of the court, and unless it was so grossly excessive as to shock the conscience of the court, it would not be set aside. Under these authorities, the question of compensation is solely a matter for the judgment of the court.

The following requests for findings of fact presented on behalf of the plaintiff are affirmed: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34. The following are refused: 33, 35, 36. Of the twelve requests for conclusions of law presented on behalf of the plaintiff the 1st, 2nd, 3rd, 4th, 5th, 9th, 10th are affirmed. The 6th, 7th, 8th, 11th and 12th are refused.

Of the sixteen requests for findings of fact presented on behalf of the defendant the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 9th, 10th, 11th, 13th, 14th, 15th and 16th are refused. The 8th and 12th are affirmed. Of the four requests for conclusions of law presented on behalf of the defendant the 1st is affirmed. The 2nd, 3rd and 4th are refused.

### Conclusions of law.

1. The plaintiff was engaged by the defendant, on or about March 1, 1921, to represent her personally in a professional capacity, and the plaintiff so represented her actively until about June 9, 1922. From then until the early summer of 1923 his only services were with regard to the widow's exemption in the estate of Michael P. Howlett.

2. That a reasonable charge for these services is $5000.

3. That plaintiff is entitled to reimbursement in the sum of $148.10 expended in behalf of the defendant.

4. That the plaintiff is entitled to the sum of $5148.10, together with interest from June 9, 1922.

5. The court finds for the plaintiff in the sum of $7331.46.