Traders Securities Co., Appellant, v. Kalil.

Argued April 14, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and PARKER, JJ.

*J. Perry Eckels,* for appellant.

*Walter J. McClintock,* for appellee.

OPINION BY PARKER, J., October 10, 1932:

This is an action by the holder against the acceptor of five trade acceptances all in the same form, maturing over a period of from three to twelve months. On the oral argument in this court it was agreed that there

were but two questions for determination,—the negotiability of the instrument and the right of this court to grant a new trial.

The trade acceptances were in the following form:

"Trade Acceptance

$59.60          St. Louis, Mo., Nov. 11, 1927.  No. 1.

Three months after date pay to the order of ourselves at our office at St. Louis, Mo., fifty-nine and 60/100 dollars.

The obligation of the acceptor hereof arises out of the purchase of goods from the drawer.

Report by
No. 21645

To G. Kalil,
Meadville, Pa.
Due Feb. 11, 1928.
                              Arch Manufacturing Co.
Signed: Accepted Geo. Kalil.
Endorsements:
Without recourse on us, pay to the order of Traders Securities Company.
Arch Manufacturing Co.  Per W. A. Blackstad.
Pay to the order of any bank or attorney for collection.
Traders Securities Co."

It was contended by defendant that the promise to pay was not "an unconditional promise to pay" and the notes were therefore not negotiable.  The trial judge supported this contention.

The third section of the Uniform Negotiable Instruments Act of 1901 provides that "an unqualified order or promise to pay is unconditional within the meaning of this act though coupled with a statement of the transaction which gives rise to the instrument." Under the plain terms of that act, the paper in question was therefore an unconditional promise to pay.  The statement that "the obligation of the acceptor hereof arises out of the purchase of goods from the drawer" would not have destroyed its negotiability prior to the pass-

age of the Negotiable Instruments Act: Devenny v. League Island Loan and Building Assn., 9 W. N. C. 127; Citizens National Bank v. Piollet, 126 Pa. 194. In the case of Panati v. Booth, 95 Pa. Superior Ct. 238, we held that placing on the face of an instrument the words "as per contract" did not destroy its negotiability. It would follow that the mere statement that the bill arose out of the purchase of goods from the drawer would not make the instrument conditional. It is not unreasonable to assume that the words were inserted to make the paper eligible for rediscount in a Federal Reserve Bank, rather than to suggest anything that created a necessity for inquiry. The same construction has been given to the act in many other jurisdictions. See annotations to case of Strand Amusement Co. v. Fox, 14 A. L. R. 1129, and 5 Uniform Laws Annotated 55.

On the trial of the case the lower court instructed the jury in effect that the words in the trade acceptances were sufficient to place the duty of inquiry upon the purchaser and that it took the bills at its peril subject to the right of the defendant to defend on account of any existing infirmities. The plaintiff made an oral request for binding instructions and specifically excepted to the instructions of the court on the subject of negotiability but failed to place his request in writing. The request not having been in writing neither the lower court nor this court had the power to grant appellant's motion for judgment n. o. v.: Standard Brewing Co. v. The Knapp Co. Inc., 79 Pa. Superior Ct. 252; Hanick v. Leader, 243 Pa. 372. The power of the appellate court to grant a new trial in a case of this kind is exceptional in character and only to be exercised in very clear cases of wrong: Fuoss v. The Tipton Water Co., 251 Pa. 68; Peoples National Bank v. Hazard, 231 Pa. 552. However, when a case is tried upon a wrong theory and the record fails to furnish a satisfactory foundation for the verdict on

which judgment was entered, a new trial should be granted: Feehan v. Dobson, 10 Pa. Superior Ct. 6, 11; Kujawski v. Sobelewski, 72 Pa. Superior Ct. 326.

In the case of Hanick v. Leader, 243 Pa. 372, relied upon by the appellee, the plaintiff in the lower court asked for binding instructions and a verdict was directed in his favor. Defendant did not submit any point or ask for any specific instructions but filed a motion for judgment n. o. v. which was granted. The Supreme Court reversed the case and refused to grant a new trial. This presented a very different situation for the defendant had raised no objection to the manner in which the case was tried and chose to stand upon a question of law. Here the appellant was objecting throughout to the legal position of his opponent. The result was that the case was tried upon a wrong theory, an injustice was done to the plaintiff, and his only remedy is a new trial which we are bound to grant. We are all of the opinion that a new trial should be granted.

In fairness to the lower court it should be added that in an opinion refusing judgment for plaintiff n. o. v. it was admitted that the instruments in question were negotiable and that court assigned as a reason for the refusal of the motion the failure of plaintiff to show title. As we have before indicated, appellee on argument in this court, abandoned such position as untenable.

The judgment is reversed and a venire facias de novo awarded.