# Adelman *v.* Fried & Fishman, Inc. (et al., Appellant.)

Argued April 12, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

338

*Emanuel Moss,* with him *Moss & Moss,* for appellant.

*Philip Dorfman,* for appellee.

OPINION BY MR. JUSTICE JONES, May 27, 1946:

The plaintiff, having obtained a judgment against Fried & Fishman, Inc., issued an attachment execution thereon and summoned as garnishees Rudolph Fried and Maurice Fishman. The latter died shortly after the attachment issued. Interrogatories were served on Fried, the surviving garnishee, who filed answers denying that he was indebted to the defendant company and averring, on the contrary, that the company was indebted to him. After a plea of *nulla bona* by Fried, the matter went to trial on the issue whether the garnishee had in his possession any goods or property of the defendant company or was indebted to it at the time of the service of the attachment. It was stated at trial without challenge that Fried and Fishman had complete control of the defendant company which was referred to as "a family corporation".

The plaintiff called as a witness the bookkeeper for the company. The witness testified that the company's books were kept on a cash receipts and disbursements basis, and identified a trial balance taken from the company's books as of October 31, 1944. The trial balance, which was received in evidence without objection, showed Fried indebted to the company in the sum of $4,371.53 which was carried on the books of the company as an asset. The indebtedness was the aggregate of cash with-

drawals from the company made by Fried over the preceding ten years during which period he had been paid salary amounting to $21,765.00.

The bookkeeper further testified that, according to a notation on the company's minute book, corporate action had been taken on October 1, 1934, awarding Fried a weekly salary of $100.00 but that he had never been paid nor credited with salary at that rate and that the books of the company showed no indebtedness due Fried for unpaid salary. The witness volunteered that such a liability would not be shown on the books inasmuch as they were kept on a cash basis. It could, of course, have been shown and not deducted currently, as in the case of an accrual, in determining the company's annual net income or its net worth at any one time. With Fried's indebtedness to the company carried as a corporate asset and with no debit for unpaid salary due him, the company was solvent according to its books by a margin of $6,958.54.

The garnishee offered no testimony but contended that, under the plaintiff's evidence, the company was indebted to Fried in a net sum in excess of $27,000.00 on account of unpaid salary at $100.00 a week, as authorized according to the minute book. On the basis of that contention, the garnishee presented a point for binding instructions which the trial court refused.

The learned trial judge submitted for the jury's determination whether the books of the company, as evidenced by the trial balance, correctly reflected the company's assets and liabilities, whether Fried was accordingly indebted to the company at the time the attachment was served and, if so, in what amount. The jury returned a verdict for the plaintiff against the garnishee for the amount of the judgment with interest. The garnishee filed motions for new trial and for judgment n. o. v., both of which the court below refused, at the same time directing that judgment be entered on the verdict in an amount reduced to correspond with Fried's liability as shown by the company's books which the verdict had accredited.

From the judgment so entered the garnishee has appealed and assigns for error the entry of judgment and the court's refusal of the new trial and n. o. v. motions.

The action of the court below was correct. No justifiable basis for the granting of a new trial was shown. There is no assignment based on any alleged trial error and the case was submitted to the jury in a fair and impartial charge to which the appellant took no exception save for his one exception to the trial court's refusal of his point for binding instructions. On the ground that the verdict was against the weight of the evidence, the appellant asserts that the verdict resulted from the jury's capricious disbelief of the testimony and that it should therefore not be sustained, citing *Macneir v. Wallace*, 252 Pa. 323, 325, 97 A. 501. The rule so relied upon is not presently germane. The jury's verdict was fully warranted by the evidence.

The motion for judgment n. o. v. was likewise properly refused. There was no conclusively established fact in the plaintiff's case on the basis whereof the court below could have said as a matter of law that the company was indebted to Fried. Certainly, there was no uncontradicted testimony to that effect. In fact, there was no direct evidence at all that such was the case. The only thing that the appellant cites in support of his contention in such regard is the inference to be derived from the notation on the minute book. Opposed to that inference is the conduct of the company and Fried over the ten-year period following the entry in the minute book during which time he was paid a salary which was not credited against a company liability for salary at $100.00 a week; no notation of any such liability was carried on the company's books of account; and the cash withdrawals which Fried made were charged to him separately on the books of the company and not against any salary credit in his favor. Under the evidence the question of Fried's indebtedness to the company was for the jury. To permit the jury to accredit the direct and documen-

tary proofs rather than the shadowy inference which the garnishee stressed did not violate the rule that a party is bound by the testimony which he offers. The most that the unrespected notation in the minute book afforded the garnishee was a tenuous basis for the argument which he advanced. The case of *Peoples National Bank of Pensacola v. Hazard,* 231 Pa. 552, 556, 80 A. 1094, which the appellant cites in that connection is not in point.

The judgment is affirmed.